Chen v. Holder

BIA
Weisel, IJ
A087 772 960

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

PRESENT:
　　　JOSÉ A. CABRANES,
　　　RICHARD C. WESLEY,
　　　CHRISTOPHER F. DRONEY,
　　　　　*Circuit Judges.*

_____

LIANG CHEN,
　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　14-626
　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　*Respondent.*

_____

FOR PETITIONER:　　　Khaghendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:　　　Stuart F. Delery, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel, Surell Brady,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Liang Chen, a native and citizen of China, seeks review of a February 4, 2014, decision of the BIA affirming the March 7, 2012 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Liang Chen*, No. A087 772 960 (B.I.A. Feb. 4, 2014), *aff'g* No. A087 772 960 (Immig. Ct. N.Y. City Mar. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final administrative determination. *See Balachova v. Mukasey*, 547 F.3d 374, 380 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the IJ's findings provide substantial evidence to support the adverse credibility determination. For asylum applications like Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The IJ reasonably based his adverse credibility determination on the inconsistencies between Chen's testimony and asylum application. For example, Chen testified that he first began attending religious gatherings in China in 1993, but his asylum application stated that he began in 2008. He testified that village cadres threatened he and other practitioners at a religious gathering in 1998, but his asylum application stated that this occured in 2008. He also testified that he was arrested and beaten in 1999,

3

but his asylum application stated that this occurred in 2009. Chen repeatedly testified that authorities tore down his family's home in 1999, which was *ten years* before he left China in 2010. But then he stated that the house was torn down in 2000 or 2002, and changed the date yet again, stating that it was torn down in 2009, only *one year* before he left China. Moreover, a document showed that his house was registered in 2001, meaning that it could not have been torn down in 1999. The IJ properly relied on these inconsistencies. *Xiu Xia Lin*, 534 F.3d at 167. The IJ was not required to credit Chen's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Having questioned Chen's credibility, the IJ reasonably determined that his failure to provide corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Given the inconsistency and corroboration findings, the IJ reasonably found Chen not credible. That finding is dispositive of asylum, withholding of removal, and CAT

4

relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk